IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　vs.<br><br>FOLOLE AH CHEUNG　(01),<br><br>　　　　　Defendant-Petitioner. | Cr. No.  18-00122 JMS (01)<br>Civ. No. 20-00538 JMS-RT<br><br>ORDER (1) DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |

**ORDER (1) DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

## I.  INTRODUCTION

Currently before the court is Petitioner Folole Ah Cheung's ("Ah Cheung") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Petition").  For the reasons discussed below, the court DISMISSES the Petition as untimely and DENIES a Certificate of Appealability.

## II.  BACKGROUND

On May 30, 2019, Ah Cheung pled guilty to one count of distribution of cocaine within 1,000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1)

and 860.  ECF Nos. 1 & 56.[1]  On October 21, 2019, the court sentenced Ah Cheung to a sentence of twelve months and one day.  ECF No. 74.  Judgment was entered on October 22, 2019, *id*., and Ah Cheung did not appeal her conviction or sentence.

Liberally construed, Ah Cheung filed the instant Petition on December 1, 2020.  ECF No. 78.[2]  The United States file a Response on January 25, 2021, ECF Nos. 81-2 & 83.  Although Ah Cheung was permitted to file an optional reply by February 16, 2021, she did not do so.  ECF Nos. 83, 85 & 86.

For the reasons set forth below, the court determines that the Petition is time-barred.

## III.  ANALYSIS

Ah Cheung, a citizen of Western Samoa, claims that her attorney was ineffective in failing to provide her with accurate advice regarding the likelihood

---

[1] All ECF references are to documents filed in Cr. No. 18-00122 JMS (01).

[2] The Petition is deemed filed on the date Ah Cheung gave it to prison officials for mailing to the court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009).  Here, the Petition is dated December 1, 2020 and postmarked December 2, 2020.  *See* ECF No. 78 and 78-1 (envelope).  The court assumes that Ah Cheung gave the Petition to prison officials for mailing on December 1, 2020.

of her deportation based on her plea of guilty.[3] As set forth below, this claim is time-barred.

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] In her Petition, Ah Cheung claims that her attorney informed her that "if I got more than a year, it would affect my immigration status." ECF No. 78 at Page ID # 299. Ah Cheung thus suggests that her attorney was ineffective for failing to ask for a sentence of one year (which, according to Ah Cheung, would not impact her immigration status). But this assumption is incorrect. Here, Ah Cheung was convicted of a drug trafficking crime, 21 U.S.C §§ 841(a)(1) and 860, which is an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B) (defining an aggravated felony to include a drug trafficking crime defined in 18 U.S.C. § 924(c)) and 18 U.S.C. § 924(c)(2) (defining a drug trafficking crime to mean any felony punishable under the Controlled Substances Act). And, regardless of the actual sentence imposed, any "alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Thus, the court liberally construes the Petition as claiming that Ah Cheung's counsel failed to inform her that any sentence for a conviction of § 860 would likely result in her deportation.

28 U.S.C. § 2255(f).

If a defendant "does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (citing *United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001)); *see Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Moshier v. United States,* 402 F.3d 116, 118 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).

Because Ah Cheung did not file a direct appeal, her judgment became final the day following the last day on which a notice of appeal to the Ninth Circuit could have been filed. *See United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) ("[A] judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence."). And the deadline for filing a notice of appeal was within 14 days of the court's entry of judgment on October 22, 2019. *See* Fed. R. App. P. 4(b)(1)(A) & 26(a). Therefore, Ah Cheung had through November 5, 2020 to file the notice, and the judgment became final on November 6, 2020. Ah Cheung filed her Petition on December 1, 2020—more than three weeks past the one-year deadline outlined in § 2255(f)(1).

Section 2255(f)(2) does not appear to provide Ah Cheung any

relief from the conclusion that her Petition is untimely—Ah Cheung has not asserted that a governmental impediment prevented her from bringing this action.

Nor does § 2255(f)(3) apply. Ah Cheung has not asserted a right newly recognized by the Supreme Court and made retroactively applicable on collateral review. In fact, the law regarding a counsel providing erroneous advice as to deportation consequences of a guilty plea was established well before the time that Ah Cheung entered her plea of guilty in 2019. *See Padilla v. Kentucky*, 559 U.S. 356 (2010); *Lee v. United States*, 137 S. Ct. 1958 (2017).

And based on what is provided in the Petition, § 2255(f)(4) does not apply either. Section 2255(f)(4) tolls the statute of limitations until the date on which the facts supporting the claim or claims could have been discovered through the exercise of reasonable diligence.[4] *Clarke v. United States*, 703 F.3d 1098,

---

[4] Under § 2255(f)(4), a petitioner must exercise due diligence to discover the relevant facts—not the *legal consequences* of those facts—supporting their claim. *United States v. Cazarez-Santos*, 66 F. Supp. 3d 1301, 1305 (S.D. Cal. 2014), *aff'd* 655 F. App'x 543 (9th Cir. 2016) (finding that Petitioner in a § 2255 claim knew "[b]y no later than the date that he pleaded guilty . . . the facts underlying his claim" and "[t]hat he may not have realized the legal significance of those facts until later makes no difference."); *see also United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) ("[F]or the purposes of [a §2255(f)(4) claim], '[t]ime begins when the [Petitioner] knows (or through diligence could discover) the important facts, not when the [Petitioner] recognizes their legal significance.'" (citation omitted)); *cf. Chang-Cruz v. Hendricks*, 2013 WL 5966420, at *3 (D.N.J. Nov. 7, 2013) (finding petitioner in an analogous 28 U.S.C. § 2244(d)(1)(D) claim to have been "on inquiry notice, even if the precise consequences of his guilty plea did not materialize until he was picked up by immigration officials" because he "was aware that he was not an American citizen," pled guilty to drug offenses, and had been instructed "by the state court at the plea hearing that his guilty plea could impact his immigration status").

1100 (7th Cir. 2013). This provision "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Wims v. United States*, 225 F.3d 186, 190 n.4 (2d Cir. 2000)). In other words, reasonable diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Id.* (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Rather, a prisoner must "make *reasonable* efforts to discover the facts supporting [her] claims." *Id.*

Here, Ah Cheung's duty of diligent inquiry arose well before November 6, 2020, the date on which the judgment became final. When she agreed to a Memorandum of Plea Agreement on May 30, 2019, Ah Cheung was informed that deportation was "practically inevitable and a virtual certainty" as a penalty for the offense to which she pled guilty. *See* ECF No. 58 at PageID ## 137-38, 152. At her change of plea hearing, Ah Cheung verbally affirmed understanding of possible immigration consequences borne out of her guilty plea and conviction. *See* ECF No. 80 at PageID # 315 (admitting she reviewed the Memorandum of Plea agreement "carefully," discussed it with her attorney, and signed it "only after [she] understood it"); and 326 (acknowledging deportation as a possible consequence of her conviction). And as early as July 2019, Ah Cheung was contemplating deportation post-sentencing, "understand[ing] that [she] will

likely face deportation proceedings at the conclusion of the instant case [and] intend[ing] to live with her brother Michael" in Western Samoa.  ECF No. 64 at PageID ## 170-71 (reiterated in Presentence Investigation Reports (1) and (2), ECF Nos. 70 at PageID ## 202-03, and 71 at PageID ## 230-31).  Even in her Petition, Ah Cheung confirms that she was aware of her immigration status, communicated that status to her attorney, and "had him talk to Gary Singh, an immigration attorney."  ECF No. 78 at PageID # 299.  Ah Cheung's failure to exercise due diligence clearly preceded the finality of the judgment and, accordingly, § 2255(f)(4) does not apply.

Further, Ah Cheung does not indicate any circumstances that would entitle her to equitable tolling.  "Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time [and those] extraordinary circumstances [are] the cause of [the] untimeliness."  *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (internal quotation marks and citation omitted).  Indeed, "the threshold necessary to trigger equitable tolling is very high." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (internal markings and citation omitted).  "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance

7

stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Neither of these elements is established here.

In sum, Ah Cheung's Petition is untimely.

## IV. CERTIFICATE OF APPEALABILITY

In dismissing the Petition, the court must also address whether Ah Cheung should be granted a certificate of appealability ("COA"). *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id*. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity but something less than a merits determination." *Id*. (internal quotation marks omitted).

Ah Cheung's Petition is clearly beyond the one-year time limit. The Government raised this statute of limitations defense in its Response, and Ah

Cheung filed no Reply.  Based on the record before the court, the Petition is clearly untimely and the court finds that reasonable jurists could not find the court's ruling debatable.  *Id.*  Accordingly, a COA is DENIED.

## V. **CONCLUSION**

Based on the foregoing, the Petition is DISMISSED as time-barred and a COA is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 26, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Ah Cheung*, Cr. No. 18-00122 JMS (01), Civ. No. 20-00538 JMS-RT, Order (1) Dismissing Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; and (2) Denying a Certificate of Appealability